UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS McGREW | CIVIL ACTION |
| VERSUS | NO. 09-6515 |
| EDWARD A. DUFRESNE, JR., ET AL. | SECTION "N"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

**I.      Factual Background**

   **A.      The Complaint**

McGrew is an inmate presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed the captioned *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 against the defendants, Judge Edward A. Dufresne, Jr., Judge Thomas J. Kliebert, Judge H. Charles Gaudin, Judge Thomas C. Wicker, Jr., Judge Sol Gothard, Judge James L. Canella, Judge Marion Edwards, Judge Wally Rothschild, Judge Grisbaum, Peter J. Fitzgerald, Daniel Clavier, the estate of Jerrold J. Peterson, "Tina Doe," "Roz Doe," Steve Sheckman, and nine unidentified parties. McGrew claims that he was denied his constitutional rights by the failure of the

judges and employees of the Louisiana Fifth Circuit Court of Appeal to follow the applicable provisions of state law when considering *pro se* post-conviction writ applications.

McGrew claims that the judges of the Louisiana Fifth Circuit held an *en banc* meeting on February 8, 1994, at which time those attending agreed that Judge Defresne would handle almost all of the *pro se* post-conviction writ applications filed in that court. He alleges that this practice continued for 13 years. During that time, Jerold Peterson, the Central Staff Director for the Court, and the Central Staff secretaries, Tina and Roz, prepared orders for Judge Defresne's signature to deny the writ applications without review by a judicial officer or presentation to a three judge panel.

McGrew claims that the practice ended in May of 2007, when Peterson committed suicide and left notes exposing the practice. He alleges that Peterson also sent a note to defendant Steve Sheckman at the Louisiana Judiciary Commission. McGrew complains that, in spite of receiving this information, Sheckman and the Judiciary Commission have failed to recommend to the Louisiana Supreme Court that the other named defendants be sanctioned and disciplined.

McGrew concedes that, in response to Peterson's allegations, the Louisiana Supreme Court issued an opinion in *State v. Cordero*, 993 So.2d 203 (La. 2008), in which it addressed the alleged policy and directed that certain writ applications be resubmitted to the appellate court for review.

He further alleges that the misconduct of the named judicial officers violated his rights under 42 U.S.C. § 1981, 42 U.S.C. § 1985, and 42 U.S.C. § 1986 and his constitutional rights under the 1st, 5th, and 14th Amendments. As relief, he seeks declaratory judgment against the defendants and injunctive relief directing the Judiciary Commission to take disciplinary actions against the defendant-judges and to have all *pro se* post-conviction writ applications transferred to other state appellate courts for review. He also seeks $30 million in compensatory damages and $15 million in punitive damages, along with attorneys' fees.

### B.     General Background

This lawsuit is one of many lawsuits filed in this Court as the result of allegations which came to light after the suicide death of Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal.[1]  The Court takes notice that, at the time of his suicide, Peterson left a letter in which he summarized the *pro se* post-conviction writ procedure addressed in McGrew's Complaint.  When his representations were made public, numerous state prisoners sought relief in the state and federal courts contending that the Louisiana Fifth Circuit's procedure violated the state and federal constitutions.  In response, after considering the *en banc* recommendations of the Louisiana Fifth Circuit on how to rectify the concerns, the Louisiana Supreme Court eventually directed that certain *pro se* writ applications be recommitted to the Louisiana Fifth Circuit for review by three-judge panels comprised of judges who were not involved in the decision to adopt the process utilized by Peterson.  *See State v. Cordero*, 993 So. 2d 203, 205-06 (La. 2008).

The Court's research reveals that McGrew filed an application for post-conviction relief on August 13, 2003, which was denied by the Trial Court and on October 16, 2003, filed a writ application challenging the denial of his post-conviction application before the Louisiana Fifth Circuit during the period in which the challenged procedure was in place.[2]  He does not indicate whether he has sought additional relief after the issuance of *Cordero*.  While the facts alleged in his complaint are troubling, McGrew's claims are legally frivolous under various legal principles as detailed below.

---

[1] *See, e.g.*, *Guccione v. Parish of Jefferson*, Civ. Action No. 09-0301"R"(5); *Johnson v. Parish of Jefferson*, Civ. Action No. 09-2516"B"(1); *Severin v. Parish of Jefferson*, Civ. Action No. 09-2766"I"(5); *Washington v. Louisiana*, Civ. Action No. 09-3186"S"(5); *Luna v. Kliebert*, Civ. Action No. 09-3853"N"(1).

[2] *State v. Mc Grew,* 03-KH-1204 (10/16/03)

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Analysis

### A.     Claims Against the Judges of the Louisiana Fifth Circuit

McGrew filed the subject suit seeking to hold the named judges of the Louisiana Fifth Circuit liable because they abdicated their judicial duty to review the *pro se* post-conviction writ applications and transferred the responsibility to Peterson and Judge Dufresne. McGrew alleges that this breached the court rules requiring that such a review be done by three judges of the court in the same manner

4

as applications brought through counsel. McGrew contends that the actions of the judges violated the Due Process clause of the United States Constitution, and also denied him equal protection of the law and conspired to violate his civil rights. His claims are frivolous.

### 1.  **Individual Capacity and Judicial Immunity**

To the extent that McGrew intended to hold the defendant judges liable in their individual capacity, the claim fails. It is well established that absolute judicial immunity protects a judge from liability for damages in his individual capacity for all judicial functions, so long as the judge does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claim against the Louisiana Fifth Circuit judges is that they abrogated their duties to review *pro se* applications in a certain manner and their decision to leave the review to one judge. McGrew does not question that the judges had jurisdiction to hear the *pro se* writ applications at issue and that the challenged actions were performed in the exercise of their judicial functions. As a result, the defendant-judges are entitled to absolute judicial immunity with respect to any claim against them in their individual capacity for monetary damages. *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996). The claims against the judges are frivolous, fail to state a claim for which relief can be granted, and otherwise seek relief against immune defendants.

### 2. **Official Capacity and the Eleventh Amendment**

As to any claim against the defendant-judges in their official capacity, such claims are also barred from review in this federal court. A judgment against the state circuit court judges in their official capacities would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1 (2006).[3] Therefore, any official-capacity claim against them is, in reality, a claim against the State itself, and is, therefore, barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

With respect to McGrew's request for injunctive relief against the judges in their official capacities, his claim are also frivolous. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983 (2006); *Guerin v. Higgins*, 8 F.App'x 31 (2d Cir. 2001); *Nollet v. Justices of the Trial Court of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000).

---

[3]La. Rev. Stat. Ann. § 13:5108.1 provides in relevant part as follows:
A. Indemnification.
(1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state. . . .
E. Definition.
As used in this Section "covered individual" includes:
(1) An official, officer, or employee holding office or employment: . . .
(c) In the state supreme court or in the office of the clerk thereof or office of judicial administrator thereof, in one of the circuit courts of appeal or in the office of clerk thereof, or in any of the family, juvenile, or judicial district courts of the state or in the offices of the judicial administrators thereof.
. . .

Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct their proceedings.  The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.'  *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).  Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." *Id.*, at 46, 91 S.Ct., at 751.

*O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).  If a state criminal defendant claims to be prejudiced by the misconduct of a presiding judge, he should avail himself of state procedures and seek review of any resulting conviction through direct appeal or post-conviction collateral review.  *Id.* at 502.  A § 1983 suit is not the appropriate means of redress.  McGrew's claims against the judges in their official capacities are barred from review in this Court.

For all of the foregoing reasons, McGrew's claims against the judges in their official and individual capacities should be dismissed as frivolous, for failure to state a claim for which relief is granted, and otherwise for seeking relief against an immune defendant.

### B. Claims against Jerrold Peterson and the Estate of Jerrold Peterson

McGrew has also named Jerrold Peterson, the former Director of the Central Staff, and his Estate, as defendants in this case.  Peterson was deceased at the time this action was filed.  Rule 17 of the Federal Rules of Civil Procedure relies upon state law to determine whether a party can be named as a defendant in a lawsuit.  Louisiana law does not allow suit to be brought against a deceased person. *See, e.g.*, *Magee v. Stacey*, 223 So. 2d 194, 195 (La. Ct. App. 1969) (noting that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person."); *see also Martinez*

*v. United States*, No. 96-4072, 1998 WL 92248, at *2 (E.D. La. Mar. 2, 1998); *Campbell v. Travelers Ins.*, No. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan.14, 2008). Because of this, the claims against Peterson must be dismissed as frivolous and for failure to state a claim for which relief can be granted.[4]

The Court addresses whether the Estate of Peterson can be sued. The estate has no official representative and therefore the action lacks a plaintiff with the capacity to sue for the survivor claims of the decedent under the remaining causes of action. Rule 17(b) provides, in pertinent part:

> Capacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; . . . (3) for all other parties, by the law of the state where the court is located . . . .

Succession representative is the proper-party defendant for suits against estate until judgment of possession has been signed. LSA-C.C.P. art. 3249. Absent a succession representative being appointed by the state court, a suit against the estate fails. Therefore the claim against the estate of Peterson should be dismissed.

### C.     Other Court Personnel

In addition to naming each of the judges of the Louisiana Fifth Circuit and Peterson, McGrew also filed suit against other court personnel, including the Clerk of Court Peter Fitzgerald; Daniel Clavier, a computer expert, and two Central Staff secretaries, Jane Doe "Tina and Roz." However, while McGrew names each of these individuals, he fails to set forth any specific allegations against them or indicate a basis for their alleged liability under § 1983. Under a broad reading, McGrew seems to claim that these defendants assisted Peterson and the judges in administering or carrying-out the allegedly inappropriate procedure for handling *pro se* post-conviction writ applications.

---

[4] Even if Peterson had been alive at the time of the filing of this suit, the claims against him would be subject to dismissal for the other reasons presented in this opinion for dismissal of the other court personnel.

8

### 1. Individual Capacities

These defendants, as employees of the Court, were acting at the direction of the judges to assist them in carrying out their judicial functions through the policies adopted by the judges. Because of this, these defendants are also entitled to the shield of absolute immunity with respect to any claim for monetary damages. *See Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991); *see also Johnson v. Graves*, No. 92-3586, 1993 WL 82323 (5th Cir. Mar. 18, 1993). This is because a court employee who acts under the explicit instructions of a judge "acts as the arm of the judge and comes within his absolute immunity," even if the employee acts "in bad faith or with malice." *See Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Indeed, to give blanket protection to the judges while at the same time denying protection to the subordinates acting at the judges' express direction would be perverse, egregiously unfair, and ultimately unworkable. *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996). For these reasons, the defendants are entitled to absolute immunity for their role in carrying out the procedures ordered by the judges of the Louisiana Fifth Circuit.

Moreover, to the extent that plaintiff is seeking injunctive relief against these defendants in their individual capacities, that form of relief is unavailable from this Court for the reasons previously discussed in connection with the same claims urged against the individual judges.

### 2. Official Capacity

As discussed above, a judgment against the employees of the circuit court in their official capacity would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1 (2006). Therefore, any official-capacity claim against them is, in reality, a claim against the State itself, and is, therefore, barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996)

("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Therefore, the claims against the Court personnel in their official and individual capacities should be dismissed as frivolous, for failure to state a claim for which relief is granted, and otherwise for seeking relief against an immune defendant.

### D. Claim against the Judiciary Commission of Louisiana and Sheckman

McGrew also seeks to compel the Louisiana Judiciary Commission, a state agency, and Sheckman, a state official, to consider the ethic violations of the judges of the Fifth Circuit Court of Appeal. He alleges that Peterson wrote a letter to the Judiciary commission and the Commission failed to act by disciplining the Circuit judges. He does not allege that he filed a complaint with the Commission which they failed to take action on.

This claim asserted by McGrew is construed as a request for mandamus against the Commission and Sheckman, seeking prospective relief for their failure to engage in swift disciplinary action against the judges. However, for the reasons assigned below, the claims should be dismissed.

Under the federal mandamus statute, a district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The plain language of this statute limits the mandamus authority of the federal courts to actions involving federal agencies, officers, or employees. Courts lack the general power to issue writs of mandamus to direct state courts, state entities, and state judges in the performance of their duties. See *Foley v. Texas,* No. 3-06-CV-2190-D, 2007 WL 603985 at *2 (N.D.Tex. Feb.27, 2007), citing *Moye v. Clerk, DeKalb Co. Superior Court,* 474 F.2d 1275, 1276 (5th Cir.1973) (federal court cannot direct state court or state judicial officer to perform an official act where mandamus is the only relief sought).

The Judiciary Commission of Louisiana, created in 1968 by an amendment to Article I, Constitution of 1921, is continued in existence by Article V, Section 25, Constitution of 1974.  The Commission consists of nine members who shall serve four-year terms:  one court of appeal judge and two district judges selected by the Supreme Court; two attorneys admitted to the practice of law for at least ten years and one attorney admitted to the practice of law for at least three but not more than ten years, selected by the Conference of Court of Appeal judges; and three citizens, not lawyers, judges, or public officials, selected by the Louisiana District Judges Association. Members of the Judiciary Commission are not allowed to succeed themselves as members of the Commission.

Because neither the Louisiana Judiciary Commission nor Steve Sheckman is a federal officer or employee, McGrew is not entitled to a writ of mandamus.  This claim should therefore be dismissed as frivolous.

### IV.     Recommendation

It is therefore **RECOMMENDED** that McGrew's § 1983 claims against Judge Edward A. Dufresne, Jr., Judge Thomas J. Kliebert, Judge H. Charles Gaudin, Judge Thomas C. Wicker, Jr., Judge Sol Gothard, Jude James L. Canella, Judge Marion Edwards, Judge Wally Rothschild, Judge Grisbaum, Peter J. Fitzgerald, Daniel Clavier, the estate of Jerrold J Peterson, "Tina Doe," "Roz Doe," Steve Sheckman, and the nine unidentified members of the Judiciary Commission be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant pursuant 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 28th day of January, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.